**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INFINIUM CAPITAL MANAGEMENT, LLC<br><br>Plaintiff,<br><br>v.<br><br>INFINIUM GROUP, INC., and<br>INFINIUM SECURITIES, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. ______________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Infinium Capital Management ("ICM"), for its Complaint against the Defendants, Infinium Group, Inc. and Infinium Securities, Inc. (collectively, "IG"), alleges and states as follows:

**NATURE OF THE ACTION**

1. ICM brings this action to enjoin and redress the unlawful use by IG of the name "Infinium" in connection with its investment, electronic trading, and financial services business. ICM, a private financial-services firm which trades and makes markets using sophisticated computer technologies, has continuously used the name "Infinium" in connection with its national and international business since at least December 2002.

2. IG has repeatedly infringed on ICM's "Infinium" mark, thereby causing actual confusion in the relevant marketplace. ICM first used its mark in 2002, while IG admittedly did not begin using the term "Infinium" in the United States until 2005. Despite the fact that ICM had a prior and dominant right in the "Infinium" mark, IG applied for and obtained a federal trademark registration for "INFINIUM SECURITIES." By obtaining this federal registration,

and otherwise repeatedly referring to itself as "Infinium," IG has infringed on ICM's mark, and thereby caused severe damage to ICM.

3. For example, IG's unauthorized use of ICM's "Infinium" mark has caused actual confusion in the relevant marketplace. Both IG and ICM have received numerous calls from various entities—including Dow Jones, a renowned publisher of information on the financial services industry, and the Chicago Mercantile Exchange—who were confused about the identity of the respective companies. IG's unlawful use of ICM's trademark has therefore resulted in actual confusion in the financial services industry, and will continue to cause such confusion unless it is enjoined.

4. ICM therefore brings this action for an injunction and damages pursuant to the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Consumer Fraud Act, the Uniform Deceptive Trade Practices Act, common-law trade-name infringement and to cancel IG's Federal Trademark Registration No. 3,290,754 for the mark "INFINIUM SECURITIES."

**THE PARTIES**

5. ICM is a Delaware limited liability company with its principal place of business in Chicago, Illinois. ICM is in the business of financial services, electronic trading, and investment. ICM invests funds using complex computer models, algorithms, and software.

6. Infinium Group, Inc., formerly known as Infinium Holdings, Inc., is a Canadian corporation with its principal place of business in Toronto, Ontario. Like ICM, Infinium Group, Inc. is an electronic trading firm specializing in the investment of funds using computer models and programming.

7. Infinium Securities, Inc. is a California corporation with its principal place of business in Larkspur, California. On information and belief, Infinium Securities, Inc. is a wholly-owned subsidiary of Infinium Group, Inc.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over ICM's Lanham Act and Cancellation of Trademark Registration claims pursuant to 28 U.S.C. §§ 1119, 1331, 1338(a), and 1338(b). This Court has supplemental jurisdiction over ICM's state-law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial portion of the events giving rise to this action took place in this District. In addition, venue is proper in this District pursuant to 28 U.S.C. §1391(d) because IG is a foreign corporation.

**BACKGROUND FACTS**

**ICM's Rights to the Infinium Mark are Superior to IG's Alleged Rights**

10. ICM began operations under the name "Infinium Capital Management" in Chicago in 2001. Since at least as early as December 2002, and continuing to the present, ICM has used its name and mark "Infinium" to identify and market itself, in both national and international financial markets and in marketing and other communications, including on websites and in written, oral and electronic correspondence with vendors, contractors, media, potential job candidates and other business associates.

11. As an example of ICM's use of the "Infinium" mark, on December 16, 2002, ICM registered the domain name www.infiniumcm.com and, at all times since, has maintained a website at that address using its name and the INFINIUM mark to identify and market itself to the relevant public. ICM prominently displays its name "Infinium" at the top of the website and

repeatedly refers to itself as "Infinium" throughout the website to provide information about its business, and to market itself to third parties and job candidates.

12. ICM currently identifies its business on its website as follows: "Infinium seeks to maximize returns and, more importantly, minimize loss by trading a variety of uncorrelated strategies, adhering to stringent money management rules, and utilizing our exceptional people and software. Infinium's market makers utilize our cutting-edge technology and financial modeling to provide liquidity while avoiding unreasonable risk."

13. ICM also uses its mark in connection with its trading activities throughout the United States and internationally. ICM has been active on many of the leading domestic and international exchanges, including: Chicago Mercantile Exchange ("CME"); Chicago Board of Trade ("CBOT"); Chicago Board Options Exchange ("CBOE"); Intercontinental Exchange; New York Mercantile Exchange ("NYMEX"); NYSE Euronext (LIFFE/Arca); Dubai Gold & Commodities Exchange; Dubai Mercantile Exchange; and a variety of FX and Fixed Income ECNs, including Hotspot, Lava, Currenex, eSpeed and EBS. In April, 2003, ICM registered as a Delaware limited liability company, under the name "Infinium Capital Manegement." On October 22, 2003, ICM became a member of the CBOT using the same name. In March and April of 2004, ICM applied for, and received, membership on the European trading exchanges LIFFE and Euronext. That same April, ICM also entered into a clearing agreement with FIMAT, an international association of trading companies. On May 11, 2004, ICM signed a lease agreement with the CBOT. On June 1, 2004 ICM filed its initial Form BD application with the United State Securities and Exchange Commission to become a registered Broker Dealer under the Securities and Exchange Act of 1934 using the name "Infinium Capital Management." On September 22, 2004, ICM became a member of the CBOE. One day later, on September 23,

2004, ICM became a member of the CME, again using the name "Infinium Capital Management." Each of these registrations and agreements evidences ICM's use of its INFINIUM mark in connection with its investment and trading of funds.

14. The "Infinium" name is a core part of ICM's business identity, and has greatly contributed to ICM's success in the highly-competitive financial services industry. In an effort to protect its valuable mark, ICM filed a trademark application with the U.S. Patent and Trademark Office on April 9, 2010, for the mark "INFINIUM CAPITAL MANAGEMENT," which was given Application Serial No. 85/010,567. In its application, ICM asserted that the first use in commerce of the mark "INFINIUM CAPITAL MANAGEMENT" was at least as early as December 20, 2002.

**IG's First Use of the "Infinium" Mark**

15. IG practices in the same business as ICM, recruits to the same job base, and trades on many of the same exchanges as ICM. On or about May 3, 2004, IG incorporated a wholly owned subsidiary, Infinium Securities, Inc., in California, having an address of 1115 Magnolia Ave., Larkspur, CA 94939.

16. On April 13, 2006, IG filed an application for registration of the mark "INFINIUM SECURITIES." In its application, IG alleged that the mark was first used in commerce in the United States on January 1, 2005, well after ICM had already used the INFINIUM mark in commerce. IG's application was approved and Registration No. 3,290,754 issued on September 11, 2007.

17. When IG filed its application for registration in April, 2006 – almost three and one-half years after ICM began using its name and mark "Infinium" to identify and market itself in the United States – IG knew, or should have known, of ICM's prior and dominant right to the

"Infinium" mark in the financial services area, and that IG was not lawfully entitled to the registration of the mark "INFINIUM SECURITIES."

**IG's Use Of The INFINIUM Mark Is Unlawful**
**As It Has Caused And Will Continue To Cause Confusion**

18. Since at least 2005, IG has repeatedly infringed on ICM's use of its Infinium mark. For instance, IG was recently profiled in an article in the Toronto Globe and Mail. This article repeatedly referred to IG as "Infinium" and boasted about IG's performance in electronic trading—the same business as ICM. Quoting its co-CEO as the head of the "electronic trading firm Infinium Group", the article regularly refer to IG as "Infinium:" "The paradox is that Infinium is still very small and very young....As a specialist in high-frequency trading, Infinium is one of a handful of cutting-edge firms in Canada, alongside dozens more based in the United States and Europe, that have overwhelmed and revolutionized financial markets over the past few years." Yet IG knew that ICM practiced in the same business as IG, and also used the name "Infinium."

19. On IG's website, maintained at the domain names "www.infiniumcapital.ca" and www.infiniumgroup.com", IG infringes on ICM's mark by consistently and continuously referring to IG as "Infinium" and associating itself with financial services. On the website's home page, IG states: "The Infinium Group is a leading electronic trading firm specializing in alternative quantitative and arbitrage strategies." And links and other information on this website repeatedly refer to IG as "Infinium." By holding itself out as "Infinium," therefore, IG has infringed on ICM's mark.

20. IG also uses the mark "Infinium Capital" through its Canadian wholly-owned subsidiary, Infinium Capital Corp., and its registration of the domain name "www.infiniumcapital.ca," which is readily accessible to internet users in the United States. At

least as late as March, 2010, the website at that domain name further infringed the use of ICM's mark by stating: "Infinium Capital, a wholly owned subsidiary of the Toronto based Infinium Group, is a leading independent electronic trading firm specializing in alternative quantitative and arbitrage strategies." Therefore, IG's use of the exact same business name as ICM – "Infinium Capital" – further infringes on ICM's "Infinium" mark, and will cause confusion in the relevant market.

21. IG's use of ICM's mark has caused actual confusion in the financial services industry about ICM's identity. For example, in June 2009, an ICM employee received a call from a Dow Jones employee about a call the Dow Jones employee had had with one of the ICM employee's "colleagues." In actuality, that "colleague" worked for IG. In December 2009, ICM again received a call from Dow Jones, this time about one of IG's news feeds being temporarily down.

22. In 2010, the Chicago Mercantile Exchange twice contacted ICM—once about IG's network, and once about IG's trades on the New York Mercantile Exchange. Again, the CME was confused about ICM's identity as a result of IG's use of ICM's mark and name. Dow Jones' and the CME's confusion over ICM's identity are examples of the confusion that IG's continued infringement has caused and will continue to cause in the sector in which ICM and IG compete.

23. Others have also been confused. In August 2009, an IG employee contacted ICM about a phone call he had received from AT&T. AT&T had contacted IG about one of ICM's communication circuits being down.

24. In each of these cases, there was actual confusion about ICM's identity, which was caused by IG's use of ICM's mark and name. IG's continued infringement of ICM's "Infinium" mark will therefore continue to cause confusion in the minds of the relevant public.

25. IG also trades on several of the same exchanges as ICM, including the Chicago Mercantile Exchange and the New York Stock Exchange. As shown above, IG's use of the "Infinium" name on these exchanges has caused actual confusion about its identity, including by the Chicago Mercantile Exchange and Dow Jones.

**<u>IG's Acts Of Infringement Will Impair ICM's Recruiting Of New Employees</u>**

26. Furthermore, ICM's recruiting of new employees is a key component of its success. ICM regularly uses its mark when speaking to, interviewing, and hiring employees. ICM therefore heavily relies on its name "Infinium" when recruiting new job candidates, and seeks to associate itself with the name "Infinium" in the minds of job candidates. As ICM's website states: "Infinium's market makers utilize our cutting-edge technology and financial modeling to provide liquidity while avoiding unreasonable risk. We believe the opportunities that exist at Infinium are unmatched. You will be challenged to excel and rewarded for your achievements. Moreover, mindful that our people are our greatest asset, Infinium invests considerable time and money into our professional development and training programs. Our development programs will teach you not only how to trade but how to manage risk."

27. A 2009 article in *Crain's Chicago Business* identified ICM as the number four place to work in the Chicagoland metropolitan area. This publication refers to ICM as "Infinium," and identifies ICM's business as the trading of stocks, options, and futures. Such publicity is key to ICM's ability to continue to recruit the best possible job candidates, and therefore to its success.

28. IG's acts of infringement likely have and will continue to cause confusion among job candidates as to ICM's identify. For example, IG maintains a "careers" link on its website in which it refers to itself as "Infinium:" "At Infinium, ... we pursue team members who aspire to be challenged in their work, and provide them with a stimulating work environment and opportunities for career development." IG's infringement will therefore create confusion among job candidates and impair ICM's ability to recruit new employees—and, ultimately, its success in the trading industry.

**COUNT I**
**TRADEMARK INFRINGEMENT: LANHAM ACT SECTION 43(a)**

29. ICM repeats and realleges the allegations contained in paragraphs 1-28 as though fully set forth herein.

30. ICM had at all times from December 2002 to the present a valid, enforceable, and nationally and internationally recognized trademark for the term "Infinium" in the business of investing, electronic trading, and financial services.

31. The foregoing acts of IG infringed on ICM's mark, in violation of the Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

32. Although IG has a federally-registered trademark for the term "Infinium Securities," IG did not begin to use its mark in commerce until January 1, 2005. ICM, on the other hand, began using its mark in commerce by December 2002, at the latest. ICM therefore has a prior and dominant right to the use of the "Infinium" mark.

33. IG's acts of infringement have caused—and, unless enjoined, will continue to cause—substantial damages and irreparable injury to ICM. ICM has no adequate remedy at law, and unless IG is restrained and enjoined by this Court, these acts will be continued, and will

continue to cause damage and irreparable injury to ICM, and to its goodwill and business reputation.

34. IG's acts of infringement have also caused substantial monetary harm to ICM.

**COUNT II**
**CANCELLATION OF TRADEMARK UNDER 15 U.S.C. §1064**

35. ICM repeats and realleges the allegations contained in paragraphs 1-28 as though fully set forth herein.

36. On September 11, 2007, IG obtained a federal trademark registration for the mark "INFINIUM SECURITIES," Registration No. 3,290,754, with the U.S. Patent and Trademark Office. IG's mark should be cancelled because it has caused actual confusion and mistake in the relevant marketplace with ICM's prior, dominant mark "Infinium." Furthermore, on information and belief, IG obtained its mark fraudulently, because it knew or should have known of ICM's prior and dominant right to the use of the "Infinium" mark.

37. ICM is therefore being damaged by IG's unauthorized use of its mark, and it will continue to be damaged unless and until IG's registration for the "INFINIUM SECURITIES" mark is cancelled, and IG is immediately and permanently enjoined from infringing on ICM's "Infinium" mark.

**COUNT III**
**TRADE NAME INFRINGEMENT**

38. ICM repeats and realleges the allegations contained in paragraphs 1-28 as though fully set forth herein.

39. ICM had at all times from December, 2002 to the present a valid, enforceable, and nationally and internationally recognized trade name "Infinium Capital Management."

40. IG's foregoing acts infringed on ICM's prior and dominant trade name "Infinium."

41. IG's acts of infringement have caused—and, unless enjoined, will continue to cause—substantial damages and irreparable injury to ICM. ICM has no adequate remedy at law, and unless IG is restrained and enjoined by this Court, these acts will be continued, and will continue to cause damage and irreparable injury to ICM, and to its goodwill and business reputation.

42. IG's acts of infringement have also caused substantial monetary harm to ICM.

**COUNT IV**
**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

43. ICM repeats and realleges the allegations contained in paragraphs 1-28 as though fully set forth herein.

44. IG's repeated infringement of ICM's mark and trade name constitutes unfair competition, and is a deceptive and unfair practice, pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2.

45. As a direct and proximate result of IG's acts of infringement, ICM has suffered monetary damages, including but not limited to lost profits, advertising correction costs, lost business opportunities, and other actual damages.

**COUNT V**
**VIOLATION OF UNIFORM DECEPTIVE TRADE PRACTICES ACT**

46. ICM repeats and realleges the allegations contained in paragraphs 1-28 as though fully set forth herein.

47. IG's repeated use of ICM's mark and trade name causes a likelihood of confusion between ICM and IG, and is a deceptive trade practice, pursuant to the Uniform Deceptive Trade Practices Act, 815 ILCS §510/1.

48. IG's acts of infringement have caused—and, unless enjoined, will continue to cause—substantial damages and irreparable injury to ICM. ICM has no adequate remedy at law, and unless IG is restrained and enjoined by this Court, these acts will be continued, and will continue to cause damage and irreparable injury to ICM, and to its goodwill and business reputation.

**PRAYER FOR RELIEF**

WHEREFORE, ICM prays that the Court enter judgment as follows:

A. Permanently enjoining Infinium Group, Inc., Infinium Holdings Inc., Infinium Capital Corp., and all related entities and subsidiaries, officers, directors, agents, employees, attorneys, successors, and assigns, and all others in active concert, affiliation, or participation with it, pursuant to 15 U.S.C. § 116 and 815 ILCS §510/3, from directly or indirectly:

(1) Using in connection with investment, electronic trading, or other financial services or offers to provide such services the "Infinium" trademark or any other mark that is confusingly similar to ICM's "Infinium" mark; and

(2) Otherwise competing unfairly with ICM by trading off ICM's goodwill and business reputations and/or misappropriating ICM's exclusive rights in the "Infinium" trademark.

B. Cancelling the registration of federal trademark No. 3,290,754 for the mark "INFINIUM SECURITIES."

C. Ordering IG to turn over and deliver to ICM any domain names utilizing the term "Infinium" in connection with investment, electronic trading, or other financial services.

D. Ordering IG to deliver to ICM for destruction all letterhead, promotional and marketing materials, and all other items displaying the infringing "Infinium" mark.

E. Ordering IG to pay to ICM:

(1) All monetary damages sustained as a consequence of IG's unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial; and

(2) Its costs and expenses incurred as a result of IG's acts of infringement, including reasonable attorneys' fees.

F. Awarding ICM such other and other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

ICM demands a trial by jury on all issues to which it is entitled to a jury trial.

Dated: May 19, 2010

**INFINIUM CAPITAL MANAGEMENT, LLC.**

By: [signature]
One of Plaintiff's Attorneys

Edward S. Weil
Steven McMahon Zeller
Renee L. Zipprich
James M. Golden

DYKEMA GOSSETT, PLLC
10 South Wacker Drive - Suite 2300
Chicago, Illinois 60606
PH: (312) 876-1700
Fax: (312) 627-2302

CHICAGO\2904839.10
ID\JMGO - 104296/0004